## CIRCUIT COURT OF FAIRFAX COUNTY

Citibank, F.S.B.

v.

Audrey G. Moll

July 16, 1996

Case No. (Law) 146815

BY JUDGE DENNIS J. SMITH

The case before the Court involved Plaintiff Citibank's request for repayment of money mistakenly paid to Defendant Audrey Moll. At the conclusion of the trial on June 26, 1996, the Court took under advisement all issues regarding application of the doctrine of mistake in fact and changed circumstances. The Court has fully considered counsels' briefs and submissions.

The following relevant facts were established to the Court at trial. In early October, 1994, Defendant contacted Citibank regarding various accounts she and her husband (from whom she was then separated) maintained with the bank. In response to her questions, Citibank informed Mrs. Moll that her name appeared on account number 12271322 ("Account"). Subsequently, Mrs Moll withdrew $34,817.47 from this account in the form of a money order payable to HBL, Inc., an automobile dealership, for the purchase of a new Land Rover. After Mr. Moll, Defendant's husband, informed Citibank that the account from which Defendant had made the withdrawal was not owned by him and his wife jointly but, rather, was owned by him individually, Citibank reimbursed Mr. Moll for the full amount of the withdrawal and thus became subrogated to Mr. Moll's right to seek restitution from Mrs. Moll in the current suit.

The general rule with respect to mistaken payment is that one who erroneously pays money due to a mistake of fact is entitled to recovery from the payee. *Liberty Mutual v. Williams Intern. Industries, Inc.*, 780 F.

Supp. 359, 362 (E.D. Va. 1991). However, an exception exists if changed circumstances has made restitution inequitable. *Hilliard v. Fox*, 735 F. Supp. 674, 677 (W.D. Va. 1990). In order to invoke the doctrine, the recipient of the money bears the burden of production and persuasion and must demonstrate the following: (1) lack of fault on recipient's part; (2) change of position prior to knowledge of any mistake; and (3) that the recipient no longer has payment nor recourse to the money (i.e., detrimental reliance). *Liberty Mutual*, 780 F. Supp. at 363 (E.D. Va. 1991).

At trial, Defendant testified that she did not know the money was not rightfully hers and that she paid the car dealer prior to learning of the mistaken payment. The Court finds that her testimony was credible, especially in light of Citibank's representation to Defendant that her name was on the account. Accordingly, this Court finds that Defendant has met her burden of proof with respect to elements one and two of the "changed circumstances" doctrine.

With respect to the third element, detrimental reliance, Plaintiff raises numerous arguments in support of its position that Defendant has failed to meet her burden of proof. First, Plaintiff contends that because defendant was in possession of the Land Rover at the time she withdrew the mistakenly paid money, the money was used for payment of a debt incurred prior to its receipt. According to Virginia law, an award of restitution will not cause a recipient of mistakenly paid money to suffer a net loss if repayment merely returns the recipient to "*status quo ante*." *Hilliard*, 735 F. Supp. at 678. Therefore, Plaintiff argues, the changed circumstances doctrine does not apply and the Court cannot rely on it to relieve Mrs. Moll's legal repayment obligation.

At trial, Defendant testified that prior to purchasing the Land Rover, she contacted Citibank and requested the account numbers upon which her name appeared as joint owner. The Court finds that Defendant detrimentally relied on Plaintiff's misrepresentation when she picked up the vehicle in the first instance based on the information provided to her by Citibank. Therefore, the Court rejects Plaintiff's first argument and holds that the "return to *status quo ante*" exception to the changed circumstances doctrine does not apply to these facts.

Next, Plaintiff emphasizes that Defendant offered no evidence at trial regarding the market value of her new Land Cruiser, any diminution in value subsequent to its purchase, or any other loss demonstrating that she will suffer net loss if forced to repay the money in its entirety, or that she otherwise detrimentally relied on the mistaken payment. Therefore, Plain-

tiff argues that Defendant failed to meet her burden of proof for the affirmative defense of "changed circumstances." The Court agrees. Plaintiff is therefore granted judgment in the amount of $34,817.47, plus costs.